IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**



LATARSHA CREEKMORE,

Plaintiff,

v.                                      Civil Action No.: 2:08cv235

MARYVIEW HOSPITAL,

Defendant.

## ORDER AND OPINION

This matter is before the Court on: (1) Magistrate Judge Tommy E. Miller's Report and Recommendation, which recommends that defendant Maryview Hospital's ("Maryview") motion to dismiss be denied; and (2) plantiff Latarsha Creekmore's ("Plantiff") motion to stay this action pending resolution of her administrative claim. For the reasons set forth herein, the Report and Recommendation is **AFFIRMED**, and Plaintiff's motion to stay is **GRANTED**.

### I. PROCEDURAL HISTORY

Plaintiff originally filed this medical malpractice action against Dr. Sidath Jayanetti (Dr. Jayanetti), Portsmouth Community Health Center ("PCHC"), and Maryview in the Circuit Court for the City of Portsmouth. Doc. 1, Ex. A. On May 22, 2008, the United States removed the action to this Court, stating that Dr. Jayanetti and PCHC were acting in the scope of their employment as deemed employees of the United States at the time of the incident described in

the complaint. Doc. 1. The Government was substituted as defendant for Dr. Jayanetti and PCHC on May 22, 2008. Doc. 2. On May 29, 2008 the United States filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Docs. 4 and 5. The United States argued that Plaintiff had failed to exhaust her administrative remedies under the Federal Torts Claims Act prior to filing suit. Id. The Court dismissed the action against the United States on June 23, 2008, without prejudice to Plaintiff refiling the suit against the Government after final disposition of an administrative claim. Doc. 11. Maryview is currently the only defendant.[1]

On June 13, 2008, Maryview filed its motion to dismiss pursuant to Va. Code Ann. § 8.01-20.1, arguing that Plaintiff failed to comply with the statutory requirement that a medical malpractice plaintiff obtain certification of an expert prior to service of process. Docs. 9 and 10. Plaintiff filed her opposition to this motion on June 23, 2008. Docs. 13 and 14. Maryview's motion to dismiss was referred to Judge Miller for a report and recommendation, and a hearing was conducted on September 2, 2008. On October 9, 2008, Judge Miller entered his Report and Recommendation, finding that Plaintiff substantially complied with Va. Code § 8.01-20.1, and recommending that Maryview's motion to dismiss be denied. Doc. 24. On October 28, 2008, Maryview filed an objection to the Report and Recommendation. Doc. 25.

On August 28, 2008, Plaintiff filed a motion to stay the proceeding pending resolution of her administrative claim against the Department of Health and Human Services. Doc. 18.

---

[1] Although the case no longer involves a federal law claim, the Court may retain jurisdiction over the state law claims at its discretion. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (holding that when a case is removed to federal court, and the plaintiff then dismisses federal claims, it is within the district court's discretion whether to remand the case back to state court).

Maryview filed a memorandum in opposition on September 15, 2008. Doc. 23. This motion was not argued at the hearing before the Magistrate Judge, as it had not yet been fully briefed.

## II. FACTUAL BACKGROUND

Plaintiff's complaint alleges that Dr. Jayanetti, PCHC, and Maryview negligently treated Plaintiff for complications arising out of a pregnancy. Doc. 1, Ex. A. Dr. Jayanetti treated Plaintiff first at PCHC and then at Maryview. Id. Dr. Jayanetti performed an emergency caesarean at Maryview on or about February 25, 2005. Id. Following the surgery, Plaintiff remained at Maryview for post-operative care, where she went into hypovolemic shock and suffered a stroke. Id. Dr. Jayanetti then performed a second surgery to stop internal bleeding. Id. Plaintiff alleges that the negligent treatment rendered by Dr. Jayanetti, PCHC, and Maryview caused Plaintiff to go into hypovolemic shock and suffer a stroke. Id. According to the complaint, this has caused Plaintiff to become permanently disabled. Id.

As to Maryview specifically, Plaintiff alleges that "through its nurses, employees, and agents," Maryview deviated from the standard of care by failing to properly monitor Plaintiff after the surgeries. Id. Plaintiff additionally alleges that the nurses, employees, and agents at Maryview failed to report changes in Plaintiff's condition to Dr. Jaynetti so that further steps could be taken to prevent harm to Plaintiff. Id.

Maryview was served with Plaintiff's complaint on January 31, 2008. Following service, Maryview requested, in writing, pursuant to Va. Code Ann. § 8.01-20.1, that Plaintiff provide a certification that an expert witness had certified that Maryview deviated from the applicable standard of care and the deviation was a proximate cause of Plaintiff's injuries. See Doc. 10, Ex. A, letter from Maryview's counsel dated Feb. 15, 2008. On February 28, 2008, Plaintiff's

counsel faxed a purported certification to Maryview's counsel. Doc. 10, Ex. B. The certification, signed by Patricia Raya, RN, C.MBA on January 20, 2008, stated that Nurse Raya had reviewed Plaintiff's medical records and "based upon a reasonable understanding of the facts, the defendant for whom service of process has been requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." Id. Maryview's counsel responded to this fax on April 9, 2008, with a letter stating that this certification was deficient because Plaintiff had only provided a standard of care expert and had not provided a causation expert. Doc. 10, Ex. C.

What happened next is unclear. In support of its Motion to Dismiss, Maryview attached a fax from Plaintiff's counsel, undated, addressed to Maryview's counsel, with a cover sheet stating

> [y]our letter failed to state what you alleged as the deficiency. The nursing and physician standards are different and certainly a nurse practitioner can testify as well as a nurse can say what caused her stroke. Nevertheless, the standard of care and the deficiency of care for the hospital is based on nursing standards. Although not applicable to your client, please find attached the certification from a physician.

Doc. 10, Ex. D. Attached to this fax cover sheet is a certification, identical in language to Nurse Raya's certification, signed by Richard L Stokes, M.D. on January 28, 2008.

Plaintiff also attached Dr. Stokes' certification to her opposition to the motion to dismiss. Doc. 13, Ex. 1. Plaintiff's submission, however, does not contain the cover sheet supplied with Maryview's motion. See Doc. 10, Ex. D. Instead, Plaintiff included a different fax cover sheet, dated April 16, 2005 [sic], addressed to Maryview's counsel, which states as follows:

> As a courtesy, I provided you with some of the experts I consulted, however, please be advised that they were not the only ones consulted and the statute does not require that I relay to you who they are. I only have to verify that I have obtained an expert who can certify that the standard of care was breached causing the injuries suffered by the plaintiff.

Kindly take this notice as clarification that I have obtained the necessary experts who qualify under the statute. After receiving your first notice of the deficiency, I called your office several times without the benefit of a return call to clarify what you were requesting. Please also be advised that the motion for judgment when filed indicated that an expert had reviewed the file and indicated that the standard of care was breached causing the resulting injuries alleged in the motion for judgment. If you have any questions, please contact me.

Doc. 13, Ex. 1.[2] This cover sheet contains a handwritten note stating "faxed 10:30 4-16-08 Am

ih." The "ih" appears to be someone's initials. Maryview's rebuttal brief states that Maryview's

counsel "did not receive this fax until Plaintiff filed it with her responsive brief." Doc. 15 at 3.

### III. REPORT AND RECOMMENDATION - MARYVIEW'S MOTION TO DISMISS

Judge Miller found that the certifications of both Nurse Raya and Dr. Stokes were sufficient to satisfy the statutory requirement of obtaining the necessary certifying expert opinion at the time of requesting service of process. Doc. 24 at 9-10. Accordingly, upon finding that Plaintiff substantially complied with statutory requirement, Judge Miller recommended that the motion to dismiss be denied. Id. at 10.

Maryview objects to Judge Miller's finding that Plaintiff substantially complied with Va. Code § 8.01-20.1. Doc. 25 at 1. Specifically, Maryview contends that there is no evidence that Dr. Stokes's certification was intended to apply to Maryview. Id. 2-3.

### A. Standard of Review

The Federal Magistrate's Act provides that any party "may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A

---

[2] There is no indication or statement in the complaint that Plaintiff had consulted an expert, as stated in this fax cover sheet.

judge of the court shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

When *de novo* review is required, the district court should not afford presumptive weight to the

magistrate judge's report and recommendation.  The responsibility for making a final

determination remains with the district court, which may accept, reject or modify the report, in

whole or in part, and may recommit the matter to the magistrate judge with instructions.

Mathews v. Weber, 423 U.S. 261 (1976).

### B. Applicable Law

Va. Code § 8.01-20.1 states that by filing a Motion for Judgment alleging medical

malpractice, a plaintiff certifies that at the time the plaintiff requests service of process upon the

defendant,

> the plaintiff has obtained from an expert witness whom the plaintiff reasonably believes
> would qualify as an expert . . . a written opinion signed by the expert witness that, based
> upon a reasonable understanding of the facts, the defendant for whom service of process
> has been requested deviated from the applicable standard of care and the deviation was a
> proximate cause of the injuries claimed.

This expert does not have to testify at trial, and this expert's identity and qualifications are not

discoverable unless the expert does testify at trial and this information is otherwise discoverable.

Id.  The statute further requires that "[u]pon written request of any defendant, the plaintiff shall,

within 10 business days after receipt of such request, provide the defendant with a certification

form that affirms that the plaintiff had obtained the necessary certifying expert opinion at the

time service was requested[.]" Id.

Where "the plaintiff did not obtain a necessary certifying expert opinion at the time the plaintiff requested service of process", the statute mandates sanctions and authorizes dismissal of the case with prejudice.  Id.

## C. Analysis

Judge Miller found that Nurse Raya's certification satisfied the statute.  Specifically, Judge Miller found that a nurse could be qualified to give an expert opinion as to medical causation under Virginia law, and that Plaintiff reasonably believed Nurse Raya would qualify as an expert.  Judge Miller also found, construing all reasonable inferences in favor of Plaintiff, that Plaintiff intended Dr. Stokes's certification to apply to Maryview.

Maryview's objection focuses specifically on Judge Miller's finding as to Dr. Stokes. Doc. 25.  Maryview argues that Dr. Stokes's certification was not intended to apply to Maryview and was provided more than ten (10) days after Maryview's request.  Id. at 3.  Maryview does not make any specific objections to Judge Miller's findings as to Nurse Raya.

### 1. Nurse Raya

Judge Miller, after a review of applicable case law, determined that, under Virginia law, a nurse with the proper training, expertise, and experience may be qualified to give an expert opinion as to the medical cause of injury.  Doc. 24 at 7-8; See Velazquez v. Commonwealth, 263 Va. 95, 103-04 (2002)("it has long been accepted that nurses and other healthcare professionals with the proper training, expertise, and experience are qualified to give expert opinions on medical causation in appropriate circumstances.").  Maryview does not raise any objection to the Magistrate Judge's analysis of Virginia law, nor does Maryview provide any further authority for its contention that a nurse may not be qualified as a causation expert.  Having reviewed the relevant cases pertaining to this issue, the Court agrees with Judge Miller's analysis that a nurse

-7-

may be qualified to testify as to medical causation under Virginia law. Thus, it appears that Nurse Raya's expert opinion could have been reasonably relied upon for purposes of Va. Code Ann. § 8.01-20.1.

Judge Miller also found that Plaintiff believed that Nurse Raya would qualify as an expert at the time of serving Maryview. In response to Maryview's letter stating that Plaintiff's expert certification was deficient for want of a causation expert, Plaintiff's fax cover letter stated: "The nursing and physician standards are different and certainly a nurse practitioner can testify as well as a nurse can say what caused her stroke." Doc. 10, Ex. D. Judge Miller found, and the Court agrees, that this cover letter indicated Plaintiff's belief that Nurse Raya was qualified to give an expert opinion about the cause of Plaintiff's injury.

Therefore, it appears that at the time of requesting service on Maryview, Plaintiff had "obtained from an expert witness whom the plaintiff reasonably believes would qualify as an expert . . . a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, [Maryview] deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." As Plaintiff obtained the necessary certifying expert opinion pursuant to Va. Code Ann. § 8.01-20.1, neither imposition of sanctions nor dismissal is authorized by the statute.

### 2. Dr. Stokes

Maryview focuses its objection on Judge Miller's finding that Plaintiff intended Dr. Stokes's certification to apply to Maryview. Because Judge Miller found, and this Court agrees, that Nurse Raya's certification satisfied the statute, the question of whether Dr. Stokes's certification applied to Maryview does not affect the judgment on Maryview's motion to dismiss. Nevertheless, the Court agrees with Judge Miller's finding that, drawing all reasonable inferences

in Plaintiff's favor,[3] Plaintiff had obtained Dr. Stokes's certification at the time she requested service, and reasonably believed this certification applied to Maryview.

## D. Conclusion

The primary basis for Judge Miller's finding that Plaintiff complied with the statute was that the certification by Nurse Raya satisfied the necessary requirement. Maryview raises no objection to the findings of the Report and Recommendation with respect to Nurse Raya. The Court agrees with Judge Miller's analysis that under Virginia law, Nurse Raya could qualify as a causation expert, and that Plaintiff reasonably believed Nurse Raya would qualify as an expert at the time of requesting service of process on Maryview. This certification is therefore sufficient to satisfy the statutory requirement. In addition, the Court agrees that, drawing reasonable inferences in favor of Plaintiff, Dr. Stokes's certification applied to Maryview.

Sanctions and/or dismissal under Va. Code Ann. § 8.01-20.1 are only authorized where the Plaintiff failed to obtain a qualifying expert certification prior to requesting service. As it appears that Plaintiff obtained such a certification, the Report and Recommendation is **AFFIRMED**, and Maryview's motion to dismiss is **DENIED**.

---

[3] In considering a motion to dismiss, the Court draws all reasonable factual inferences in the plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005).

## IV. PLAINTIFF'S REQUEST TO STAY THE ACTION

### A. Legal Standard

A district court has inherent power to stay the proceedings of a case before it. <u>Landis v.</u>
<u>N. Amer. Co.</u>, 299 U.S. 248, 254 (1936). Use of this power "calls for the exercise of judgment
which must weigh competing interests and maintain an even balance." <u>Id.</u> The party requesting
the stay "'must justify it by clear and convincing circumstances,' and these circumstances must
weigh more heavily than the potential harm to the party against whom the stay applies." <u>Aventis</u>
<u>Pharma Deutschland GMBH v. Lupin Ltd.</u>, 403 F. Supp. 2d 484, 489 (E.D. Va. 2005) (quoting
<u>Landis</u>, 299 U.S. at 254-55).

### B. Analysis

Plaintiff requests that the Court stay this proceeding "pending resolution of an
administrative claim against the Department of Health and Human Services." Doc. 18. Plaintiff
states, and Maryview does not dispute, that "the Department of Health and Human Services
acknowledged receipt of Plaintiff's administrative claim on July 8, 2008" and thus "at the latest
the stay will extend until January 8, 2009." Doc. 21 at 3-4. Plaintiff argues that the stay is of
moderate duration, that many of the litigation expenses, such as expert witnesses, will be
incurred twice if the stay is not granted, and that granting the stay will allow for efficient and
orderly justice in the simplification of issues, proof, and questions of law.

Maryview opposes Plaintiff's motion to stay, arguing that Plaintiff has not articulated any
clear case of hardship or inequity if the stay is not granted. Maryview requests that the case
proceed in a timely and efficient manner, because it has already incurred large sums defending
this action and because the case "continues to grow stale and witnesses' memories will soon
fade." Doc. 23 at 2.

The Court finds that, on balance, the relative hardships to the parties and considerations of judicial efficiency weigh in favor of the stay. Dr. Jayanetti's malpractice is the central issue as to both Maryview and PCHC. Plaintiff alleges that PCHC's negligent care prior to the surgeries, Dr. Jayanetti's negligent treatment at both PCHC and Maryview, and Maryview's negligent care of Plaintiff surrounding the surgeries all contributed to Plaintiff's injury. Thus, it would be difficult to resolve the claims against Maryview without considering Dr. Jayanetti's negligence, as well as whether the treatment of Plaintiff at PCHC prior to the surgeries was negligent. Thus, Plaintiff may indeed suffer hardship and needless expense if she is required to litigate her claims against these defendants separately.

Maryview certainly has an interest in having this matter adjudicated in a timely manner. However, the length of the stay should be sufficiently brief and definite so as to minimize the harm to Maryview. Plaintiff states that her administrative claim was received on July 8, 2008 and Maryview does not dispute this fact. The disposition of Plaintiff's administrative claim should be completed within six (6) months[4] - by January 8, 2008. Thus the stay will be for a definite and relatively short duration.

Thus, as it appears that the hardships to Plaintiff and judicial efficiency considerations weigh in favor of the stay, and it does not appear that Maryview will be significantly harmed as a result, Plaintiff's motion to stay the proceedings until January 8, 2009 is **GRANTED**.

---

[4] Pursuant to the Federal Tort Claims Act, "the failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

-11-

## IV. CONCLUSION

For the reasons set forth above, the Report and Recommendation of Magistrate Judge Miller is hereby **AFFIRMED** (Doc. 24), and Maryview's motion to dismiss is **DENIED** (Doc. 9). Furthermore, Plaintiff's motion to stay the proceedings pending resolution of her administrative claim is **GRANTED** (Doc. 18). It is hereby **ORDERED** that this action is stayed and shall be removed from the active docket until January 8, 2009.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: 12/2/08